IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PON GROUP, LLC, | ) | Case No. 18-22505 |
| | ) | |
| Debtor. | ) | Honorable A. Benjamin Goldgar |
| | ) | |
| | ) | Courtroom 642 |

## DEBTOR'S STATUS REPORT

Pon Group, LLC (the "Debtor") provides this Status Report with respect to pending matters in this Chapter 11 case:

## BACKGROUND

1. On August 9, 2018 (the "Petition Date"), the Debtor filed a petition for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., as amended (the "Bankruptcy Code"). The Debtor continues to manage and operate its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. The Debtor has substantially all of the rights, powers and responsibilities of a trustee in bankruptcy pursuant to 11 U.S.C. § 1107(a). No creditors' committee has been appointed in the Debtor's Chapter 11 case (the "Case"), and no trustee or examiner has been appointed.

3. On January 3, 2019, the Court entered an order (the "Sale Order") [ECF. No. 72] authorizing the Debtor's sale of the real property located at 951-961 W. Thorndale Ave., Bensenville, IL 60106 (the "Property"). On January 17, 2019, the sale of the Property closed. The Debtor paid the allowed secured claim of

Associated Bank in full, pursuant to paragraph 6 of the Sale Order. The Debtor also established with JP Morgan Chase Bank three "fiduciary accounts" for the balance of the Property sale proceeds: (1) Acct. No. 5787 for the benefit of Leaf Capital in the amount of $186,567.36;[1] Acct. No. 5795 for the benefit of Nexgen in the amount of $630,534.26;[2] and Acct. No. 5803 for the benefit of Pon Group in the amount of $2,339,198.23 (collectively, the "Property Sale Proceeds Deposit Accounts").

4. The Debtor continues to own and operate two residential real properties: a townhome in Itasca, Illinois (the "Itasca Property") and a condominium in the John Hancock Building in Chicago, Illinois (the "Hancock Property").

## PLAN OF REORGANIZATION

5. On February 22, 2019, the Debtor filed its Plan of Reorganization. [ECF No. 105]. The Plan treats all claims and interests as unimpaired and proposes to pay all creditors the allowed amount of their claims with interest on the later of the effective date of the Plan or the date the creditor's claim becomes an allowed claim. The Debtor was in process of preparing a Disclosure Statement for the Plan but has deferred filing the same pending the resolution of the Debtor's objection to the amended claim of Associated Bank. If the Associated Bank amended claim were allowed, the Plan of Reorganization would have to be dramatically revised, and notice would have to be provided to all other creditors of Pactrans Air & Sea, Inc. to

---

[1] The Debtor paid the Leaf Capital settlement from this account. The balance as of April 30, 2019 was $186,604.12.

[2] Pon Group is the residual beneficiary of the Leaf Capital and Nexgen accounts. The Debtor intends to file objections to the Leaf Capital and Nexgen claims and challenge the secured status of such claims. The Debtor expects to recover substantial portions of the Leaf Capital and Nexgen accounts.

provide them with the opportunity to file claims against the estate. This would effectively convert the Plan from one of full payment to one of pro rata distribution. Once the Associated Bank claim objection is resolved, the Debtor will either proceed to seek this Court's confirmation of the Plan or modify the Plan and seek confirmation of the modified plan.

<u>CLAIM OBJECTIONS</u>

6. The Debtor has filed a number of objections to Claims filed against the Estate:

7. **Leaf Capital**: The Debtor objected to the claims filed by Leaf Capital relating to various equipment leases. The Debtor and Leaf resolved the Objection through a Settlement Agreement approved by the Court [ECF No. 151]. The Debtor fully paid Leaf Capital from Acct. No. 5787.

8. **DuPage County Tax Collector**: The Debtor objected to the DuPage County Tax Collector Claim for real estate taxes. The DuPage claim was paid at the closing of the sale of the Property, and the Court has entered an order disallowing the claim. [ECF No. 164].

9. **Pactrans Creditor Claims**: The Debtor objected to a number of claims filed against the estate on the grounds that these were claims against the Debtor's affiliate, Pactrans Air & Sea, Inc., not the Debtor. The Court sustained the objection to several of these claims [ECF Nos. 162 & 163]. The objection to the claim of Senko USA, Inc. remains pending. (The Debtor also objected to the validity of the Senko USA, Inc. claim on the grounds that Senko is obligated to the Debtor's affiliates and has no claim against the Debtor or the Affiliates) [ECF No. 137]. The

3

Debtor requests the Court's entry of an order sustaining the objection because Senko USA, Inc.'s claim does not set forth a plausible claim that the Debtor was an alter ego, and Senko USA, Inc. was a debtor of the Debtor's affiliates—not a creditor.

10. **American Metro Bank Settlement/Stay Relief Motion**: American Metro Bank holds several claims secured by liens on the Itasca Property, the Hancock Property, and a certificate of deposit. The Debtor contends that these claims are fully secured and that there is equity in the Itasca Property and the Hancock Property. The Debtor and American Metro Bank entered into a proposed settlement agreement to pay American Metro Bank a discounted amount of the claims, achieved by waiving claims for default interest and late fees. Moreover, the settlement benefits the estate, because even at the contract interest rate, the estate is incurring a negative spread between its return on invested funds and interest accruing on the claims [ECF No. 99]. Associated Bank objected to the settlement, contending that it has an interest in the Property Sale Proceeds Deposit Accounts to secure payment of its claims against Pactrans Air & Sea, Inc., Alexander Pon, and Kitty Pon [ECF No. 121]. As a result of the delay in the approval of the Settlement, the estate has incurred avoidable interest expense that has diminished the estate [ECF No. 128 & 129]. Moreover, American Metro Bank has now filed a motion for stay relief, which threatens the estate with the additional administrative expenses and the loss of the equity in the Itasca Property and the Hancock Property [ECF No. 121]. The Debtor requests that the Court overrule the Associated Bank

objection, approve the proposed settlement agreement, and authorize the payment of the American Metro Bank compromised claim.

11. **Associated Bank Claims**: Associated Bank held a first mortgage on the Property to secure payment of a real estate promissory note executed by the Debtor. Associated Bank filed its original claim in the bankruptcy case in the amount of $5,560,412.75 [Claim No. 6]. The Debtor paid this claim in full, including postpetition interest, attorneys' fees and other collection costs at the closing of the sale of the Property, based upon a payoff agreement in which Associated Bank agreed to accept a stated amount and release its lien against the Property. On February 4, 2019, Associated Bank filed an amended claim against the estate in the amount of $8,554,565.92 [Claim No. 21]. This claim reflected judgments obtained against Pactrans Air & Sea, Inc., Alexander Pon, and Ketty Pon, which Associated Bank contended were secured by a charging order against any distributions that might be made on account of Alexander Pon and Ketty Pon's equity security interest in the Debtor. Subsequently, on March 7, 2019, Associated Bank filed a further amended claim in which it asserted that the judgment obtained against Pactrans Air & Sea, Inc., Alexander Pon, and Ketty Pon was secured by substantially all assets of the Debtor's estate, including the Property Sale Proceeds Deposit Accounts [Claim 21-2]. The Debtor has objected to the Amend Claim No. 21-2 on the grounds that, *inter alia,* it is barred by the *res judicta* effect of the state court judgment entered against the Debtor, the release provision of the payoff letter, and the Court's Claim Bar Date Order, and that the claim otherwise fails to set forth

5

sufficient facts to allege a plausible claim that Pon Group is an alter ego [ECF No. 127].

12. **Nexgen Capital**: The Debtor and Associated Bank are challenging the amount, validity, and priority of Nexgen's claim and its interest in the Property sale proceeds in Nexgen's adversary and through the Debtor's Objection to Claim. Associated Bank has a parallel action pending in state court, wherein it is seeking to recover property in which it claims a security interest from Nexgen. Nexgen was not a "lender" but rather a merchant cash advance company that purchased future receivables from the Debtor's affiliate, Pactrans Air & Sea, Inc. When Pactrans encountered financial difficulties, Nexgen failed to recover the total amount of receivables sold, because no further future receivables were generated. The Debtor contests Nexgen's accounting of its receipts and disbursements and the reasonableness of certain fees charged under the agreements. Moreover, since Nexgen contends that it is not a lender, but a receivables purchaser, the Debtor contends that Nexgen has no claim against the estate, because it assumed the going concern risk of Pactrans' continued business operations.

13. **McKay Realty**: The Debtor objected to the claim of McKay Realty (the state court receiver), as it actually reflected a judgment against Pactrans Air & Sea, Inc., an asset (not a liability of the estate), and all of the receiver's fees and expenses had been paid in full. The Court entered an order disallowing the Claim [ECF No. 165].

14. **Employee Claims**. The Debtor intends to file an objection to certain clams filed by employees shortly. Although the Debtor believes that certain of these employees may hold allowable claims under federal and state labor law, the proofs of claim do not contain sufficient information for the Debtor to make such a determination. The Debtor plans to schedule an initial hearing on the Objection for July 10, 2019.

Dated: June 12, 2019                                    PON GROUP, LLC

                                                        By: /s/ Paul M. Bauch
                                                        One of Its Attorneys

Paul M. Bauch (ARDC #6196619)
Carolina Y. Sales (ARDC #6287277)
BAUCH & MICHAELS, LLC
53 W. Jackson Boulevard, Suite 1115
Chicago, Illinois 60604
Tel: (312) 588-5000
Email: pbauch@lakelaw.com