IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| In re: | ) | Chapter 11 |
|---|---|---|
| | ) | |
| PON GROUP, LLC, | ) | Case No. 18-22505 |
| | ) | |
| Debtor. | ) | Honorable A. Benjamin Goldgar |
| | ) | |
| | ) | Courtroom 642 |

## NOTICE OF MOTION

To:   All creditors, the Debtor, and other parties in interest

    PLEASE TAKE NOTICE that Pon Group, LLC (the "Debtor) has filed a Motion to Approve a Compromise of certain disputes related to claims against the Debtor by Feng Wei Peng-Dilorenzo ("DiLorenzo") and to shorten notice. The Motion is on file with the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division and is available at http://www.ilnb.uscourts.gov/ and upon request to the undersigned. The Motion provides for DiLorenzo to be allowed an unsecured claim in the amount of One Hundred Fifty-One Thousand Dollars ($151,000), and the Debtor shall pay the amount of this claim immediately to DiLorenzo.

    This Motion will be heard by the Honorable A. Benjamin Goldgar on **February 26, 2020 at 10:00 a.m.** in room 642 of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois, 60604. Any entity opposing the relief sought in the Motion should attend the hearing or file a written objection with the Clerk of the Court listed herein and serve it upon the Debtor's counsel at the address listed below.

Dated: February 11, 2020                          /s/ Carolina Y. Sales

Paul M. Bauch (ARDC # 6196619)
Carolina Y. Sales (ARDC #6287277)
BAUCH & MICHAELS, LLC D/B/A LAKELAW
53 W. Jackson Blvd., Suite 1115
Chicago, IL 60604
csales@lakelaw.com
Tel. (312) 588-5000

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that we caused this document to be served upon the persons identified on the attached service list at the address shown and by the method indicated on the list on February 11, 2020.

/s/ Carolina Y. Sales

## SERVICE LIST

**VIA CM/ECF TO**

Steven E Anderson on behalf of McKay Investment Realty, Inc.
seanderson@gmail.com, sea@seandersonlaw.com

Stephen J Brown on behalf of Nexgen Capital, LLC
sbrown@pedersenhoupt.com, jruggles@pedersenhoupt.com

John J Chitkowski on behalf of Chitkowski Law Offices, Alexander Pon & Ketty Pon
jjc@chitkowskilaw.com, sjt@chitkowskilaw.com

Alex Darcy on behalf of LEAF Capital Funding, LLC
adarcy@askounisdarcy.com, mjackson@askounisdarcy.com

John S. Delnero on behalf of Nexgen Capital, LLC
jdelnero@pedersenhoupt.com, kcody@pedersenhoupt.com

Paulina Garga-Chmiel on behalf of Associated Bank, N.A., a national banking association
pgarga@chuhak.com, dgeorge@chuhak.com

Gregory J Jordan on behalf of American Metro Bank
gjordan@jz-llc.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Kevin R Purtill on behalf of Associated Bank NA
kpurtill@mpslaw.com, crampich@mpslaw.com

N. Neville Reid on behalf of Interested Party Prologis, Inc.
nreid@foxswibel.com, bkdocket@foxswibel.com

Steven R Rogovin on behalf of Associated Bank, N.A., a national banking association
srogovin@mpslaw.com, crampich@mpslaw.com

Miriam R. Stein on behalf of Associated Bank, N.A., a national banking association
mstein@chuhak.com, dgeorge@chuhak.com;vjefferson@chuhak.com

Charles R Woolley on behalf of Creditor LEAF Capital Funding, LLC
rwoolley@askounisdarcy.com, hperez@askounisdarcy.com

Mark R Zito on behalf of Creditor American Metro Bank
mzito@jz-llc.com

**VIA U.S. MAIL**

| | | |
|---|---|---|
| Alexander & Ketty Pon<br>354 Donna Lane<br>Bloomingdale, IL 60108-8800 | Arkman Logistics<br>2200 Estes Ave.<br>Elk Grove Village, IL 60007-5427 | Baird & Warner Residential Sales<br>543 Pennsylvania Ave.<br>Glen Ellyn, IL 60137-4136 |
| Business GPS LLC<br>183 Keith St.<br>Warrenton, VA 20186-3231 | Bevin M. Brennan on behalf of Creditor<br>Nexgen Capital, LLC<br>Pedersen & Houpt<br>161 N. Clark St., Ste. 2700<br>Chicago, IL 60601 | Bryan R. Kelsey on behalf of Creditor<br>Alexander Pon<br>901 Warrenville Rd., Ste. 103<br>Lisle, IL 60532 |
| Bryan R. Kelsey on behalf of Creditor<br>Ketty Pon<br>901 Warrenville Rd., Ste. 103<br>Lisle, IL 60532 | Alan D Lasko<br>Alan D. Lasko & Associates, P.C.<br>205 W. Randolph St., Ste. 1150<br>Chicago, IL 60606 | Chance Pon<br>354 Donna Lane<br>Bloomingdale, IL 60108-8800 |
| Nova Consulting Group, Inc<br>830 S Broadway, Ste 11<br>Tarrytown, NY 10591 | 175 East Delaware Home Owners Assoc.<br>175 East Delaware Place<br>Chicago, IL 60611-1756 | Yifan Qu<br>C/O Nolan Law Office<br>53 West Jackson Blvd., Ste. 1137<br>Chicago, IL 60604 |
| ComEd<br>Attn: Revenue Mgmt. Dept. Bankruptcy<br>1919 Swift Drive<br>Oak Brook, IL 60523-1502 | ComEd<br>PO Box 6112<br>Carol Stream, IL 60197-6112 | Commonwealth Edison Company<br>Bankruptcy Department<br>1919 Swift Drive<br>Oak Brook, IL 60523-1502 |
| Cook County Treasurer<br>118 North Clark, Room #212<br>Chicago, IL 60602-1589 | Dennis Lyp<br>8730 Callie Ave.<br>Morton Grove, IL 60053-2807 | Dennis Pon<br>354 Donna Lane<br>Bloomingdale, IL 60108-8800 |
| Internal Revenue Service<br>Centralized Insolvency Operations<br>PI Box 7346<br>Philadelphia, PA 19101-7346 | DuPage County Treasurer<br>Barbara Q. Reynolds<br>503 N. County Farm Road<br>Wheaton, IL 60187-1942 | Feng Wei Peng-DiLorenzo<br>415 East 52 Street<br>Apt #12CC<br>New York, NY 10022-9071 |
| Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Jay J Kim CHB<br>1537 Daisy Ct<br>Romeoville, IL 60446-4898 | Lin & Lincoln CPA'S LLC<br>1132 Waukegan Road, Suite 101<br>Glenview, IL 60025-3060 |
| Northern Door Garage Door Corp<br>591 Sussex Court<br>Elk Grove Village IL, IL 60007-4211 | Park Place Homeowners Association<br>c/o Foster Premier, Inc.<br>PO Box 7676<br>Carol Stream, IL 60197-7676 | Premier Express Trucking Inc.<br>1550 East Higgins Road #133<br>Elk Grove Village, IL 60007-1627 |
| Port to Port<br>1201 Morse Ave.<br>Elk Grove Village, IL 60007-5701 | Premier Express Trucking Inc.,<br>1550 East Higgins Road #133<br>Elk Grove, IL 60007-1627 | Pure Health Solutions, Inc.<br>950 Corporate Woods PLWY.<br>Vernon Hills, IL 60061-3155 |

| | | |
|---|---|---|
| Sandra M Martinez<br>920 E Krage Dr.<br>Addison, IL 60101-4121 | Senko USA, Inc.<br>c/o Kevin C. Driscoll, Jr.,<br>Barnes & Thornburg LLP,<br>1 North Wacker Drive, Suite 4400<br>Chicago, IL 60606-2841 | Service Pallet LLC<br>500 Overland Dr.<br>North Aurora, IL 60542-1839 |
| Sudler Property Management<br>John Hancock Center<br>875 N. Michigan Ave., Ste. 3980<br>Chicago, IL 60611-1990 | Todd M. Pederson<br>19 Campbell Drive<br>Glendale Heights, IL 60139-1914 | Village of Bensenville<br>12 South Center Street<br>Bensenville, IL 60106-2130 |
| Vladimir Panine, M.D.<br>175 East Delaware Place<br>Unit 5401<br>Chicago, IL 60611-1726 | Yue Ren<br>15 Bar Harbour RD Unit 3J<br>Schaumburg, IL 60193-1923 | Albert Z. Wang<br>c/o Nolan Law Office<br>53 W. Jackson Blvd., Ste. 1137<br>Chicago, IL 60604 |

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PON GROUP, LLC, | ) Case No. 18-22505 |
| | ) |
| Debtor. | ) Honorable A. Benjamin Goldgar |
| | ) |
| | ) Courtroom 642 |

**MOTION TO APPROVE COMPROMISE
WITH FENG WEI PENG-DILORENZO AND SHORTEN NOTICE**

Pon Group, LLC (the "Debtor"), pursuant to Fed. R. Bankr. P. 9019(a) and (b), 9006(c), and 2002, moves for an order approving a compromise (the "Compromise") with Feng Wei Peng-DiLorenzo ("DiLorenzo"); authorizing the Debtor to take any and all actions necessary or appropriate to effectuate the compromise; and shortening notice.

**BACKGROUND**

1.  On August 9, 2018 (the "Petition Date"), the Debtor filed a petition for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., as amended (the "Bankruptcy Code"). The Debtor continues to manage and operate its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2.  The Debtor has substantially all of the rights, powers, and responsibilities of a trustee in bankruptcy pursuant to 11 U.S.C. § 1107(a). No creditors' committee has been appointed in the Debtor's Chapter 11 case (the "Case"), and no trustee or examiner has been appointed.

3. On December 12, 2018, DiLorenzo filed a proof of claim in the amount of $150,000.00, which was designated by the clerk of the Court as Claim Number 5 (the "Claim").

4. The Claim relates to a debt that DiLorenzo alleges to be due to her in connection with a $150,000 loan to the Debtor, which was used to finance the filing of the Chapter 11 case and the payment of ordinary and necessary administrative expense of the case. The loan is evidenced by, inter alia, an August 1, 2018 promissory note that provided for a two-year term, with interest at 12% per annum and monthly payments of interest. The loan also provides for late charges and default interest in the event of a payment default. DiLorenzo funded the loan by a wire transfer of $150,000 to the Debtor's attorneys' client trust account. It was originally contemplated that the loan would be secured by a mortgage on the Hancock Property, but DiLorenzo did not perfect her mortgage and assignment of rents by recording the same. As of December 23, 2019, DiLorenzo claims that the amount of the Claim (including interest, fees, and charges) is $200,600.00.

5. The Debtor used the loan proceeds to pay professional fees, insurance, utilities, and other direct expenses of the Chapter 11 case. The loan was critical in allowing the Debtor to complete the successful sale of the Bensenville Property, which has resulted in sufficient proceeds to pay all creditors in full. The Debtor has been in technical default on the loan, because it failed to make monthly payments of interest on the loan as provided in the promissory note.

6. On January 24, 2020, Associated Bank, N.A. ("Associated Bank") filed an Omnibus Limited Objection to the Claim (as well as other claims) [ECF No. 276], to the extent that the Debtor seeks to pay postpetition interest on the Claim. The Debtor recognizes that the prosecution of the objection to the Claim would result in expenses to the Debtor's estate. The amounts that could be incurred by the Debtor's estate could potentially deprive the Debtor of its ability to pursue and/or perform under its proposed Chapter 11 plan of reorganization pending before the Bankruptcy Court, including proposed payments to the remaining claimants and creditors in this Bankruptcy matter.

7. The proposed compromise will avoid the delay related to Associated Bank's objection to the Claim. The compromise will leave sufficient funds in the Debtor's estate for payment in full of all administrative expenses and remaining creditor claims and to permit confirmation of the Debtor's pending Chapter 11 plan of reorganization.

### THE COMPROMISE AND SETTLEMENT

8. After negotiations, the Debtor and DiLorenzo have, subject to the approval of this Court, agreed to settle, allow and immediately pay the Claim, pursuant to a settlement agreement (the "Settlement"). A copy of the proposed Settlement Agreement is attached hereto as **Exhibit A**.

9. The Settlement Agreement contains the following key terms and conditions:

2. ALLOWANCE OF CLAIM.

2.1 DiLorenzo shall be deemed to have an allowed unsecured claim in the amount of One Hundred Fifty-One Thousand Dollars ($151,000.00) (the "Allowed Claim"). The Allowed Claim shall be paid in full, and in such manner, as and when provided in Section 2.2 below.

2.2 On or promptly after the Effective Date (defined below), the Parties understand and agree that Debtor shall pay the Allowed Claim as follows:

The sum of One Hundred Fifty-One Thousand Dollars ($151,000.00).

2.3 The Parties understand and agree that, other than the payment expressly identified in Section 2.2, no other payments by Debtor and/or any other party are required in connection with the Allowed Claim, and payment in full of the payments identified in this Section 2.2 shall fully resolve, and fully pay, the Allowed Claim, pursuant to the settlement herein.

### STANDARD FOR APPROVAL

10. The proposed compromise reflects a reasonable exercise of the Debtor's business judgment, as it will save the Debtor expense in connection with the objection to the Claim; will save the Debtor significant potential expense in connection with a higher allowed amount of the Claim; will protect the rights of all other parties in interest; and will permit the Debtor to move forward with its pending proposed Chapter 11 plan of reorganization.

11. The Court has the discretion to approve a proposed compromise of a dispute. *See In re Del Grosso*, 106 B.R. 165, 167 (Bankr. N.D. Ill. 1989). A court should approve a proposed settlement or compromise if it is in the best interests of the estate. *See In re Miller*, 148 B.R. 510, 516 (Bankr. N.D. Ill. 1992). The Seventh Circuit has adopted a two-step method for determining whether a proposed settlement or compromise is in the best interests of the estate. *See In re Telesphere*

7

*Communications, Inc.*, 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994) (*citing In re Energy Co-op, Inc.*, 886 F.2d 921 (7th Cir. 1989), and *In re American Reserve Corp.*, 841 F.2d 159 (7th Cir. 1987)). A court must first compare the terms of the settlement with the probable costs and benefits of litigation, and then determine whether the settlement falls within the reasonable range of litigation possibilities. The latter determination is to be weighted in favor of settlement since a challenged settlement fails the test only if it falls below the lowest point in the range of reasonableness. *See Telesphere*, 179 B.R. at 553.

### THE PROPOSED COMPROMISE IS REASONABLE

12. The Compromise described above strikes an appropriate balance between all of the factors to be considered. The Compromise is the product of a thorough analysis of relevant documents, possible objections and defenses, costs, and the likelihood of success on the merits. The Compromise will also allow the Debtor to avoid substantial administrative cost and delay in connection with its objections to, and discovery in connection with, the Claim. Perhaps most importantly, the Compromise will remove the Claim as a potential obstacles to the allowance and payment of the remaining claims against the Debtor's estate pursuant to the Debtor's pending proposed Chapter 11 plan of reorganization.

13. In light of these factors, the Compromise is fair, reasonable, well within the reasonable range of litigation possibilities and in the best interests of the creditors of the Debtor's estate. Accordingly, the Motion should be granted, and the Compromise approved.

## NOTICE

14. Pursuant to Fed. R. Bankr. P. 9006(c), the Court may shorten the time for providing notice. The Debtor is requesting this Court to shorten notice in the interest of judicial economy. The prosecution of the Claims Objection, including, without limitation, discovery in connection therewith, would result in substantial expenses to the Debtor's estate. The Compromise would obviate the necessity of such expenses. Therefore, the Debtor respectfully requests that such notice be deemed sufficient under the circumstances.

*WHEREFORE*, the Debtor respectfully requests that this Court grant this Motion and enter an Order substantially in the form attached hereto:

A. Approving the compromise described herein and the Settlement Agreement attached hereto as Exhibit A;

B. Authorizing and directing the Debtor to execute any and all documents necessary to effectuate the agreed settlement;

C. Authorizing the Debtor to pay the compromise amounts from the Debtor's estate, specifically, the amounts expressly set forth in Section 2 of the Settlement Agreement;

D. Deeming notice of this Motion to be adequate and sufficient under the circumstances; and

E. Providing such other and further relief as the Court deems necessary and just.

Dated: February 22, 2020 PON GROUP, LLC

By: /s/ Carolina Y. Sales
    One of Its Attorneys

Paul M. Bauch (ARDC # 6196619)
Carolina Y. Sales (ARDC #6287277)
BAUCH & MICHAELS, LLC D/B/A LAKELAW
53 W. Jackson Blvd., Suite 1115
Chicago, IL 60604
csales@lakelaw.com
Tel. (312) 588-5000
Fax (312) 427-5709