## GLOBAL SETTLEMENT AGREEMENT

THIS GLOBAL SETTLEMENT AGREEMENT (this "Agreement") is executed as of the 29th day of January, 2020 between and amongst PON GROUP, LLC, an Illinois limited liability company (the "Debtor"), FENG WEI PENG-DILORENZO, an individual residing in New York, New York ("DiLorenzo") (each of the foregoing parties a "Party" hereto, and, collectively, the "Parties"), and is effective as of such date that the Bankruptcy Court enters an order approving this Agreement and/or the compromise contemplated herein (such date, the "Effective Date").

## RECITALS:

WHEREAS, on August 9, 2018 (the "Petition Date"), the Debtor filed its voluntary petition for relief under the Bankruptcy Code as Case Number 18-22505 (the "Bankruptcy Case") in the United States Bankruptcy Court for the Northern District of Illinois (the "Court");

WHEREAS, the Debtor continues to manage and operate its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code;

WHEREAS, on December 12, 2018, DiLorenzo filed a proof of claim in the Bankruptcy Case in the amount of $150,000, which was designated by the Clerk of the Court as Claim No. 5 (the "Claim");

WHEREAS, on January 24, 2020, Associated Bank, N.A. ("Associated Bank") filed an Omnibus Limited Objection to the Claim (as well as claims of other claimants), to the extent that the Debtor seeks to pay postpetition interest on the Claim [ECF No. 276] (the "Claim Objection");

WHEREAS, the Claim Objection has not been ruled on by the Court as of the date of execution of this Agreement;

WHEREAS, the Parties understand and agree that the Court's consideration and determination of the validity of the Claim, as well as the Court's consideration and determination of the Claim Objection (A) would be time consuming and expensive to the Parties and the Court, (B) would require discovery between and amongst the Parties and, potentially, other parties, and (C) would potentially significantly delay the Debtor's ability to confirm a chapter 11 bankruptcy plan;

WHEREAS, the Parties have agreed to avoid further expense, inconvenience, uncertainties and distraction of the Claim and the Claim Objection, and therefore have agreed to compromise and settle the matters in controversy between them upon and subject to the terms and conditions set forth in this Agreement;

NOW, THEREFORE, in consideration of the foregoing recitals, the mutual covenants contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1. **INCORPORATION OF RECITALS.** The Parties agree that the recitals hereinabove stated are incorporated in this Agreement by reference and made a material part hereof.

2. **ALLOWANCE OF CLAIM.**

   2.1 DiLorenzo shall be deemed to have an allowed unsecured claim in the amount of One Hundred Fifty-One Thousand Dollars ($151,000.00) (the "Allowed Claim"). The Allowed Claim shall be paid in full, and in such manner, as and when provided in Section 2.2 below.

   2.2 On or promptly after the Effective Date (defined below), the Parties understand and agree that Debtor shall pay the Allowed Claim as follows:

   The sum of One Hundred Fifty-One Thousand Dollars ($151,000.00).

   2.3 The Parties understand and agree that, other than the payment expressly identified in Section 2.2, no other payments by Debtor and/or any other party are required in connection with the Allowed Claim, and payment in full of the payments identified in this Section 2.2 shall fully resolve, and fully pay, the Allowed Claim, pursuant to the settlement herein.

3. **CONDITIONS TO EFFECTIVENESS OF SETTLEMENT.** This Agreement and the compromise reflected herein is subject to the following conditions:

   3.1 The Debtor shall have filed with the Court in the Bankruptcy Case an appropriate motion pursuant under the Bankruptcy Code and/or the Federal Rules of Bankruptcy Procedure requesting approval of this Agreement and/or the compromise contemplated herein (the "9019 Motion").

   3.2 The date, if any, that the Court enters an order granting the 9019 Motion and approving this Agreement and/or the compromise contemplated herein (the "9019 Order") shall be deemed the "Effective Date".

   3.3 Upon entry of the 9019 Order, the Claim Objection shall be deemed resolved with respect to the Claim as provided herein.

4. **NO ADMISSION.** This Agreement is being executed and delivered by the Parties for the sole purpose of compromising, settling and resolving claims, disputes and other issues as set forth herein. Neither the existence of this Agreement nor any of its terms or provisions shall in any manner constitute, or be deemed to constitute an admission by Debtor (a) with respect to the factual and/or legal arguments raised by one or more of Creditors in connection with the Claims and/or the Objection Response, and/or (b) that Debtor is the alter ego of Pactrans or any other entity or person.

5. **EXECUTION OF FURTHER DOCUMENTS; CONDUCT.** The Parties acknowledge that they will cooperate with each other in carrying out the provisions of this

Agreement, including, without limitation, the execution and/or filing of necessary documents and providing necessary information, if any, without undue delay or expense.

6. **RELEASES.**

    6.1    <u>Release by Creditor Parties</u>. Except for obligations arising under this Agreement and as otherwise provided herein, DiLorenzo, on behalf of herself and each of her respective administrators, agents, assigns, attorneys, contractors, directors, employees, executors, heirs, insurers, members, officers, owners, representatives, servants, shareholders, subcontractors, subsidiaries, and successors (collectively, the "<u>Creditor Parties</u>"), hereby remises, releases and forever discharges Debtor and its parent, subsidiary and affiliated companies and/or persons, and all of each of the foregoing's respective administrators, agents, assigns, attorneys, contractors, directors, employees, executors, heirs, insurers, members, officers, owners, representatives, servants, shareholders, subcontractors, subsidiaries, and successors (collectively, the "<u>Debtor Parties</u>"), of and from all manner of past, present and future accounts, actions, affirmative defenses, agreements, causes of action, claims, controversies, costs, covenants, damages, debts, defenses, demands, dues, duties, executions, expenses, fees, injuries, interests, judgments, liabilities, obligations, promises, reckonings, remedies, rights, suits, and sums of money whatsoever (all including, without limitation, attorneys' fees and expenses), in law or in equity, whether known or unknown, whether foreseen or unforeseen, whether contingent or matured, whether liquidated or unliquidated, whether in tort, contract, extra-contractual or otherwise, and whether statutory, whether at common law or in equity, which they now have or may have against one or more of the Debtor Parties, individually or collectively, from the beginning of time through the Effective Date, arising out of or relating to or in any way involving, in whole or in part, directly or indirectly, one or both of the Claims, the Claims Objection and/or the Bankruptcy.

    6.2    <u>Release by Debtor</u>. Except for obligations arising under this Agreement and as otherwise provided herein, Debtor, on its own behalf and on behalf of the Debtor Parties, hereby remises, releases and forever discharges the Creditor Parties of and from all manner of past, present and future accounts, actions, affirmative defenses, agreements, causes of action, claims, controversies, costs, covenants, damages, debts, defenses, demands, dues, duties, executions, expenses, fees, injuries, interests, judgments, liabilities, obligations, promises, reckonings, remedies, rights, suits, and sums of money whatsoever (all including, without limitation, attorneys' fees and expenses), in law or in equity, whether known or unknown, whether foreseen or unforeseen, whether contingent or matured, whether liquidated or unliquidated, whether in tort, contract, extra-contractual or otherwise, and whether statutory, whether at common law or in equity, which they now have or may have against one or more of the Creditor Parties, individually or collectively, from the beginning of time through the Effective Date, arising out of or relating to or in any way involving, in whole or in part, directly or indirectly, one or both of the Claims, the Claims Objection and/or the Bankruptcy.

7. **REPRESENTATIONS, WARRANTIES AND COVENANTS.**

    7.1    Each of the Parties hereby covenants, represents and warrants, all of which, notwithstanding any release of liability under Paragraph 8 of this Agreement, shall

survive the transactions contemplated herein, and upon which covenants, representations and warranties the other Parties have relied and will continue to rely, that:

    (a) This Agreement has been duly executed and delivered by the each of the Parties, is a legal, valid and binding obligation and is enforceable in accordance with its terms, and does not violate any provisions of any agreement executed by or otherwise affecting any of the Parties; and

    (b) The Parties' actions hereunder are agreed to voluntarily by the Parties with no intent to defraud any of their respective creditors, partners, any of the other Parties or otherwise. Each of the Parties is fully represented by counsel in connection with the negotiation of this Agreement, and all the actions and transactions contemplated hereunder are the free and voluntary acts of each of the Parties and such actions were not made under duress.

8. **MISCELLANEOUS.**

    8.1 <u>Remedies.</u> In the event of a breach or default by any Party of any agreements, covenants, representations, warranties, indemnities or other duties or obligations hereunder, the remaining Party shall be entitled to exercise any and all rights and remedies available at law or in equity.

    8.2 <u>Interpretation and Enforcement.</u> This Agreement shall be interpreted and enforced in accordance with the laws of the State of Illinois, without giving effect to its rules governing conflicts of laws. The section headings contained in this Agreement have been added for the Parties' convenience and shall not be considered in interpreting or enforcing this Agreement.

    8.3 <u>Survival.</u> The obligations and liabilities of the Parties hereunder are intended to survive the transactions set forth herein and shall not be deemed to be merged into any deed or any other instrument or action.

    8.4 <u>Successors.</u> This Agreement shall be binding on and inure to the benefit of the Parties hereto, and their respective heirs, agents, partners, affiliates, legatees, executors, estates, legal representatives, assigns and other successors.

    8.5 <u>Counterparts.</u> This Agreement may be executed in any number of counterparts and each of such counterparts shall, for all purposes, be deemed to be an original, and all such counterparts shall together constitute but one and the same agreement, and signatures of the Parties by facsimile shall be binding.

    8.6 <u>Severability.</u> If any provision of this Agreement or the application thereof to any Party or circumstance shall be determined by any court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this Agreement or the application of such provision to persons or circumstances, other than those as to which it is determined invalid

or unenforceable, shall not be affected thereby, and each provision of this Agreement shall be valid and shall be enforced to the fullest extent permitted by law.

    8.7 <u>Captions</u>. The captions in this Agreement, including, without limitation, and index of exhibits hereto, are inserted only as a matter of convenience and for reference and in no way define, limit or describe the scope of this Agreement or the scope or content of any of its provisions.

    8.8 <u>Waiver</u>. The failure of any Party to require the performance of any provision of this Agreement shall not in any way affect such Party's right thereafter to enforce that provision or any other provision of this Agreement.

    8.9 <u>Attorneys' Fees</u>. The Parties to this Agreement shall each be responsible for paying their own attorneys' fees and other costs with respect to the negotiation of this Agreement and the consummation of the transactions contemplated hereby.

    8.10 <u>Entire Agreement</u>. This Agreement constitutes the entire agreement between the Parties and supersedes all prior negotiations, representations, warranties, understandings and agreements between the Parties with respect to the subject matter hereof. This Agreement may only be amended or modified by a written instrument signed by each Party hereto.

**IN WITNESS WHEREOF**, the Parties have caused this Settlement Agreement to be executed and delivered as of the date first written above.

              PON GROUP, LLC

              By: _____
              Name: _____
              Its: _____

              **FENG WEI PENG-DILORENZO**

              _/s/ Feng Wei Peng_
              _____

or unenforceable, shall not be affected thereby, and each provision of this Agreement shall be valid and shall be enforced to the fullest extent permitted by law.

8.7   Captions. The captions in this Agreement, including, without limitation, and index of exhibits hereto, are inserted only as a matter of convenience and for reference and in no way define, limit or describe the scope of this Agreement or the scope or content of any of its provisions.

8.8   Waiver.   The failure of any Party to require the performance of any provision of this Agreement shall not in any way affect such Party's right thereafter to enforce that provision or any other provision of this Agreement.

8.9   Attorneys' Fees. The Parties to this Agreement shall each be responsible for paying their own attorneys' fees and other costs with respect to the negotiation of this Agreement and the consummation of the transactions contemplated hereby.

8.10   Entire Agreement. This Agreement constitutes the entire agreement between the Parties and supersedes all prior negotiations, representations, warranties, understandings and agreements between the Parties with respect to the subject matter hereof. This Agreement may only be amended or modified by a written instrument signed by each Party hereto.

**IN WITNESS WHEREOF**, the Parties have caused this Settlement Agreement to be executed and delivered as of the date first written above.

PON GROUP, LLC

By: _____
Name: ALEXANDER FENG EN PON
Its: MANAGER

FENG WEI PENG-DILORENZO

_____

5